Baird v. Johnson.

## JOHN BAIRD vs. JOHN JOHNSON.

It is a universal rule of law, that he who acts under a special power, like that granted in the twenty-sixth section. *Rev. Laws*, 637, must make up a record, that will shew his proceedings to be within the scope of his authority.

The form of the verdict of the jury, and of the record of the justice, in cases of a claim of property, under the 26th section. *Rev. Laws* 637.

A claim of property ought to be filed with the justice. Until it is presented to him, he cannot make up his docket, or know how to form the venire.

The notice to the constable ought to describe and identify the property with as much certainty as is done in replevin, that the officer may know, what is to be redelivered to the claimant, and what not; and that the plaintiff in execution may know, what part is claimed, and what not, so as to prepare his proofs before the trial comes on.

The proceedings under the twenty-sixth section, *Rev. Laws* 637, is no more than an inquest upon the claim, and when the verdict upon that, is recorded on the docket, and the costs taxed, the business is closed.

The remedy for the costs upon a claim of property, is by an action of debt, in case they are not voluntarily paid as directed by the order of the justice.

This was a certiorari, directed to one of the justices of the peace of the county of Morris, removing certain proceedings before him had, on a claim of property levied on by a constable by virtue of an execution. A number of reasons for reversal were filed and urged by *J. W. Miller* for plaintiff in certiorari,

Baird *v.* Johnson.

which are stated in the opinion of the court delivered by Justice Ford.

FORD, J. This was a proceeding under the twenty-sixth section of the act, *Rev. Laws* 637, and a supplement thereto in *page* 772. The statute enacts, that if an execution, issuing out of the court for trial of small causes, shall be levied on goods or chattels, that are claimed in writing, by any other person than the defendant, the constable shall delay the sale of the said goods for ten days, and the claimant may apply within such time, to a justice, for a venire to summon a jury of six lawful men, to try the right of the claimant; and that the justice shall issue said venire, and proceed therein as in other cases of trials by jury.

The papers accompanying the certiorari, shew, that John Johnson had such an execution against Peter Vanhouten and Peter P. Vanhouten, in the hands of Elijah P. Oliver, constable, who levied it on goods that were claimed by John Baird, a stranger to the execution, who gave written notice to the constable, and made application to the justice for a venire. The matter is stated in this form on the docket: "John Baird v. John Johnson. On a claim to try the right to property levied on by execution. February 7, 1832, John Baird, the plaintiff, applied to me for a venire, for a jury of six men, returnable the 10th February, 1832, at &c.; which I issued accordingly." It then shews the return, the swearing of the jury, the trial, and then the verdict, in these words:—"Say they find for the plaintiff, wood and timber, to the amount of about forty cords; for which I give judgment for the plaintiff for wood and timber to the amount of about forty cords; and that the plaintiff recover costs of the defendant, three dollars. July 13, 1832, I issued execution." These proceedings appear to be erroneous, both in substance and in form.

1. It is a universal rule of law, that he who acts under a special power, like that granted in the twenty-sixth section, must make up a record that will shew his proceedings to be within the scope of his authority. The record does not shew an execution over which the justice had jurisdiction, for it does not say, it was out of the court for trial of small causes, nor who were the

parties to it, nor by what constable it was levied. It no otherwise shows that John Baird claimed the property, than as it may be inferred from his applying for the venire. Moreover, John Baird is stated plaintiff, when he is none other than a third person claiming the goods. The order of the justice is to be between the parties to the execution, in order to rectify a mistake in its levy, for the benefit of a third person injured thereby. The record should have been entitled in something like the following manner: "John Johnson v. Peter Vanhouten and Peter P. Vanhouten. On execution. 1832, February 7th, John Baird presented his claim to certain goods and chattels which he alleged had been seized as the property of these defendants, or one of them, by Elijah P. Oliver, constable, on an execution out of the court for trial of small causes, of which claim he had given written notice to said constable; and the said John Baird applied for a venire to summon a jury of six lawful men, to try the said claim, whereupon, I issued the same this day, to John Pierson, constable, returnable," &c.

2. It does not appear that any written claim of property was *presented to the justice*, for him and the jury to try. There was a notice served *on the constable*, but it does not appear to have been seen by the justice, till it was offered in evidence at the trial. Without a claim of property filed in the justice's court, it does not appear to me that he has any jurisdiction over another magistrate's execution. Until it is presented to him, I do not perceive how he can make up his docket or know how to form his venire. The imperfections of the docket may not be the fault of the justice for want of this very document which seems to be the foundation of the proceeding.

3. But the notice to the constable was so vague, that it rendered the subsequent proceedings no less vague and uncertain. It ought to describe and identify the property with as much certainty as is done in replevin; that the officer may know what is to be re-delivered to the claimant, and what not. Also, that the plaintiff in execution, may know what part is claimed and what not, so as to prepare his proof before the trial comes on. It will not do to give notice of claim to a horse, and on the trial, prove title to an ox. But under a vague claim, which identifies

Baird *v.* Johnson.

nothing, nothing can be recovered. Now the claim in this case was, " for the wood, logs and timber, on a lot adjoining the heirs of Jacob High, deceased, on Kemble's mountain ;" whether timber standing up, or lying down on the lot, hewn or unhewn, cut up or not cut up, corded or uncorded, and in what lengths, dimensions or quantity, are left for conjecture.

4. This defect evidently lead to a fatal error in the verdict of the jury. They say they find for the plaintiff, when it should have been for the *claimant*, John Baird. But this is not all. They find for him, " wood and timber to the amount of *about* forty cords—about forty, may be any quantity between thirty and fifty, and the constable can never tell which quantity is meant, or what kind is intended without another jury.

5. The twenty-sixth section gives no authority to enter any judgment, or award any execution different from the judgment and execution already existing between the parties ; but only to pass upon a claim of property set up by a stranger to both the parties, and therefore, this new judgment and execution are both erroneous. The proceeding is no more than inquest upon the claim, and when the verdict upon that, is recorded on the docket, and the costs taxed, the business is closed. The former mode was, for the jury to determine the claim by an inquisition under their hands and seals, but that seems now to be changed by the act, which says, that the justice shall " proceed therein as in other cases of trials by jury." When the costs are taxed, the justice ought to say, " which I award to be paid by the plaintiff to the claimant," or, " by the claimant to the plaintiff, ' as the case may be ; the remedy for which, is not by execution, but by an action of debt on the order, in case they are not voluntarily paid, as it directs.

These reasons, without looking any further, are enough to shew that the judgment, execution and proceedings must be all set aside and reversed.